**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **VICKI GUILLOT, wife of/and** | * | **CIVIL ACTION NO.** _____ |
| **RANDY GUILLOT** | * | |
| *Plaintiffs* | * | |
| | * | **JUDGE**_____ |
| **VERSUS** | * | |
| | * | |
| **ALLSTATE INSURANCE COMPANY** | * | **MAGISTRATE**_____ |
| *Defendant* | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

NOW INTO COURT, through undersigned counsel, come VICKI GUILLOT, wife of/and

RANDY GUILLOT (hereinafter referred to as "Plaintiffs" or "GUILLOT"), who file this

Complaint for damages against Defendant, ALLSTATE INSURANCE COMPANY, respectfully

averring as follows:

### I.   PARTIES

1.

Plaintiff is MRS. VICKI GUILLOT, a person of the full age of majority and a resident and

domiciliary of the Parish of Lafourche, State of Louisiana.

2.

Plaintiff is MR. RANDY GUILLOT, a person of the full age of majority and a resident and

domiciliary of the Parish of Lafourche, State of Louisiana.

3.

Made Defendant is ALLSTATE INSURANCE COMPANY (hereinafter referred to as

"Defendant" or "ALLSTATE"), a foreign insurance corporation incorporated and domiciled in the

State of Illinois with its principal place of business in the State of Illinois, and authorized to do and

doing business in the State of Louisiana, which may be served through its registered agent for service of process, Hon. R. Kyle Ardoin, Secretary of State of Louisiana, Post Office Box 94125, Baton Rouge, Louisiana, 70804-9125.

## II.  JURISDICTION AND VENUE

4.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332(a) because the plaintiffs, GUILLOT, are both residents and domiciliaries of the State of Louisiana and the defendant, ALLSTATE, is incorporated and domiciled in the State of Illinois, with its principal place of business in the State of Illinois, thus, all parties are citizens of different states for purposes of jurisdiction.

5.

In addition to the parties being completely diverse, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as required by 28 U.S.C. §1332(c).

6.

Pursuant to 28 U.S.C. §1391(b), venue is proper in the Eastern District of Louisiana because the property that is the subject of this action and where the damages were sustained is located within the Eastern District of Louisiana.

## III. RELEVANT FACTS

7.

At all times relevant hereto, Plaintiffs own the property located at 231 N. Leon Drive, Gheens, LA, 70355.

8.

At all times relevant hereto, ALLSTATE provided a policy of insurance, number 910361897 (the "Policy"), to Plaintiffs covering the Property against perils including hurricanes, and provided the following types of coverage commonly known as Dwelling, Other Structures, Contents/Personal Property, and Additional Living Expenses, Loss of Use.

### A. Hurricane Ida

9.

On or about August 29, 2021, Hurricane Ida caused significant damages to the Plaintiffs' Property.

10.

Plaintiffs promptly reported the loss to ALLSTATE, who assigned claim number 0644320038 (the "Ida Claim".)

11.

As soon as practicable, Plaintiffs took steps to mitigate the damages to their Property at their expense to the best of their ability under the circumstances.

12.

An adjuster acting on behalf of ALLSTATE inspected the property and documented damages to the dwelling and other structures of the Property.  The adjuster was given full access to the Property and the inspection was not limited by the Plaintiffs in any way.

13.

The inspection of the Property on behalf of ALLSTATE constituted satisfactory proof of loss as that term is used in conjunction with Louisiana's bad faith statutes, LA-R.S. §22:1892 and §22:1973.

3

14.

The inspection of the property was inadequate and did not accurately account for the full extent of the damages to the Property.

15.

Plaintiffs were unable to make meaningful repairs to their Property with the insufficient estimates by ALLSTATE.

B. **Proofs of Loss**

16.

A public adjuster/damage consultant inspected the Property on behalf of, and at the extra expense of, the Plaintiffs and created an estimate of damages that documented significantly more damages to the dwelling and other structures than the original estimate prepared on behalf of ALLSTATE, all of which was as a result of the insurer's decision to inadequately adjust the claim.

17.

Multiple demands for the release of unconditional tenders were sent to ALLSTATE demonstrating the true loss.

18.

Multiple demands, including but not limited to, those described above, a list of expenses incurred, and a list of damaged Contents all constituted satisfactory proofs of loss as that term is used in conjunction with Louisiana's bad faith statutes, LA-R.S. §22:1982 and §22:1973.

19.

Despite being provided with satisfactory proofs of loss, ALLSTATE chose to underpay the claim.  Defendant is therefore in violation of LA-R.S. §22:1892 and §22:1973.

20.

ALLSTATE failed to explain its denial or refusal to unconditionally tender the undisputed amount owed to Plaintiffs.

21.

ALLSTATE failed to investigate or document their reasons for its denial or refusal to unconditionally tender the undisputed amount owed to Plaintiffs.

22.

As a result of ALLSTATE's failure to timely and adequately compensate Plaintiffs for their substantial losses, the Property remains in a state of disrepair.

23.

The failure of ALLSTATE, as Plaintiffs' insurer, to make an adequate and timely payment for damages sustained, despite being provided with satisfactory proof of loss, is arbitrary and capricious given Plaintiffs' extensive damages, thereby rendering ALLSTATE liable in bad faith for failure to deal fairly with its insureds, and consequently liable to Plaintiffs for all damages under the law for property damages sustained by Plaintiffs due to Hurricane Ida, as well as penalties and attorney's fees pursuant to LA-R.S. §22:1973.

24.

Upon information and belief, ALLSTATE misrepresented to Plaintiffs the terms and conditions of the policy.

25.

Upon information and belief, ALLSTATE conducted the investigation and claims handling for Plaintiffs' claims in bad faith as that term is used in conjunction with Louisiana's bad faith statutes, LA-R.S. §22:1892 and §22:1973.

26.

Upon information and belief, ALLSTATE manipulated its pricing software to artificially suppress the cost of repairs below market value.

27.

Upon information and belief, ALLSTATE purposely or negligently failed to include adequate overhead and profit in its estimates of damages.

28.

Plaintiffs have incurred or will incur additional expenses in restoring the Property as a result of ALLSTATE's failure to timely compensate them for their substantial and covered losses.

29.

Plaintiffs have incurred and will continue to incur additional living expenses/loss of use as a result of the damages caused to their Property by Hurricane Ida, including those additional living expenses that will be incurred during the repair of the Property.

## IV.     CAUSES OF ACTION

### A.  Breach of the Insurance Contract

30.

Plaintiffs re-allege and re-aver the allegations contained in paragraphs 1-29, above, as if restated herein.

31.

An insurance contract, the Policy, exists between GUILLOT and ALLSTATE.

32.

The Policy provides coverage for perils including hurricanes.

33.

Despite having received satisfactory proofs of loss for damages caused by Hurricane Ida, ALLSTATE failed to timely tender adequate insurance proceeds as required by the Policy.

34.

ALLSTATE breached the policy when it failed to timely tender adequate insurance proceeds after having received satisfactory proofs of a covered loss by way of the inspection completed by the adjuster on behalf of ALLSTATE.

35.

ALLSTATE breached the policy when it failed to timely tender adequate insurance proceeds after having received satisfactory proofs of a covered loss by way of the multiple demands submitted on behalf of Plaintiffs.

36.

By misrepresenting the terms and conditions of the Policy, ALLSTATE breached the Policy.

37.

By failing to conduct the claims handling for Plaintiffs' claims in good faith and with fair dealing, ALLSTATE breached the Policy.

38.

By manipulating its pricing software to artificially suppress the cost of repairs below market value, ALLSTATE breached the Policy.

39.

By failing to include adequate overhead and profit in its estimates of damages, ALLSTATE breached the Policy.

40.

Plaintiffs have suffered and continue to suffer damages as a result of these breaches of the Policy.

**B.  Bad Faith**

41.

Plaintiffs re-allege and re-aver the allegations contained in Paragraphs 1-40 above as if restated herein.

42.

The actions and/or inactions of ALLSTATE in failing to timely and adequately compensate Plaintiffs for the covered losses under the Policy were arbitrary, capricious, and without probable cause, as those terms are used in conjunction with Louisiana's bad faith statutes, LA-R.S. §22:1892 and §22:1973, making ALLSTATE liable for statutory bad faith penalties.

43.

Under LA-R.S. §22:1973, an insurer owes a duty of good faith and fair dealing to its insured and has an affirmative duty to adjust claims fairly and promptly.  Failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of LA-R.S. §22:1973.

44.

"[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of LA-R.S. §22:1973.

8

45.

LA-R.S. §22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

46.

ALLSTATE is in violation of LA-R.S. §22:1973 and §22:1892 for failing to provide Plaintiffs adequate payment in connection with their claim despite having received satisfactory proofs of loss following its own inspections of the Property and following its receipt of independent proofs of loss from Plaintiffs.

47.

ALLSTATE's misrepresentation of the relevant facts and/or terms of the Policy was in bad faith.

48.

ALLSTATE's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

49.

ALLSTATE's failure to pay timely for damages it knew or should have known existed at the time it received the independent proofs of loss from Plaintiffs was in bad faith.

50.

ALLSTATE's manipulation of its pricing software to artificially suppress the cost of repairs below market value was in bad faith.

51.

ALLSTATE's failure to include adequate overhead and profit in its estimates of damages was in bad faith.

52.

ALLSTATE's handling of Plaintiffs' claims was in bad faith.

V.        **DAMAGES**

53.

Plaintiffs re-allege and re-aver the allegations contained in Paragraphs 1-52 above as if restated herein.

54.

As a result of ALLSTATE's breaches of contract, bad faith claims adjusting, and other bad acts, Plaintiffs have incurred the following, non-exclusive damages:

a.      Diminution in value of the Property;

b.      Actual repair costs;

c.      Reimbursement for personal repairs at the Property;

d.      Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

e.      Damages to personal property/contents;

f.      Additional living/loss of use expenses;

g.      Penalties delineated in LA-R.S. §22:1892 and §22:1973; and

h.      Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

55.

Plaintiffs and ALLSTATE participated in an appraisal of the claim and an appraisal award was rendered wherein ALLSTATE paid some, but not all, of Plaintiffs' damages.

**WHEREFORE**, Plaintiffs, VICKI GUILLOT, wife of/and, RANDY GUILLOT, pray that Defendant, ALLSTATE INSURANCE COMPANY, be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Plaintiffs and against ALLSTATE INSURANCE COMPANY in an amount that will fully and fairly compensate Plaintiffs pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

PLAINTIFFS FURTHER PRAY for all orders and decrees necessary in the premises, and for full, general and equitable relief.

Respectfully submitted by:

*s/Willard O. Lape, III "Trey"*

Willard O. Lape, III "Trey"
LA Bar Roll No. 31494
1966 N. Highway 190, Suite B
Covington, LA  70433
Telephone: (985) 246-7933
Email: trey@lapelawfirm.com
*Attorney for Vicky and Randy Guillot*

PLEASE SERVE:

ALLSTATE INSURANCE COMPANY
Through its agent for service of process:
Hon. R. Kyle Ardoin
Louisiana Secretary of State
Post Office Box 94125
Baton Rouge, LA  70804-9125